■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELMA F. ·ETOLL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 28, 1976, convicting defendant on her plea of guilty of promoting prostitution in the second degree. Section 230.25 of the Penal Law, the crime to which defendant pleaded guilty in satisfaction of a three-count indictment, provides that "A person is guilty of promoting prostitution in the second degree when he knowingly: 1. Advances or profits from prostitution by managing, supervising, controlling or owning * * * a house of prostitution or a prostitution business or enterprise *involving prostitution activity by two or more prostitutes"* (emphasis supplied). In questioning the defendant, the trial court failed to apprise the defendant of a crucial element of the crime for which she was about to plead guilty: that her activities had to involve "two or more prostitutes". During the subsequent questioning of the defendant, she stated on four separate occasions that she only had *one* woman working for her. Nevertheless, her plea was accepted without further inquiry. In *People v Serrano* (15 NY2d 304, 308), the Court of Appeals stated: "the mere mouthing of the word 'guilty' may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one" (see, also, *People v Beasley*, 25 NY2d 483; *People v Shipman*, 14 NY2d 883). Clearly, defendant's statements did not establish one of the requisite elements of promoting prostitution in the second degree. The acceptance of her plea under such circumstances constituted an abuse of discretion. We, therefore, remit the matter to the trial court for the purpose of granting the right to defendant to replead. Judgment reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.