OPINION OF THE COURT
Herman Cahn, J.
Plaintiff, executor of the estate of Kevin McInerney, moves pursuant to CPLR 3212 for summary judgment in the amount of $87,574.33, on the ground that defendant has breached an annuity contract. Defendant insurance company cross-moves for similar relief.
Plaintiff’s decedent (McInerney) purchased an annuity contract from defendant insurance company (Metropolitan Life) on April 12, 1976. By the terms of said contract, McInerney made a single lump-sum payment of $123,084.21. He was to receive a monthly annuity of $1,145.48 for the duration of his life, commencing May 1, 1976. Metropolitan Life made the first payment on May 1, 1976, and a total of 26 other payments during Mclnerney’s lifetime in the aggregate amount of $30,927.96. On July 7, 1978, McInerney died. Thereafter Metropolitan Life made *636 four additional payments totaling $4,581.92. No further payments were made although plaintiff requested payment of the balance of the sum originally paid by Mclnerney to Metropolitan Life.
The underlying action seeks recovery of $87,574.33, the balance of the one payment, made to defendant. Plaintiff maintains that said sum is payable as a death benefit to decedent’s estate.
Metropolitan Life argues that the annuity contract purchased by Mclnerney was an “Immediate Life Annuity Contract” which provided for higher monthly payments during the annuitant’s lifetime than would have been possible if a survivor’s benefit had been mandated; the contract specifically stated that no benefits were payable after the annuitant’s death. Defendant asserts that the annuity contract clearly sets forth, on its face, that no death benefit is payable under the contract and that no liability on defendant’s part survives decedent’s death. Further, under the section of the contract entitled, “payment of annuity benefit,” the contract states in part as follows: “Subsequent payments will be made at the intervals specified on page 3, terminating with the annuity payment due immediately prior to the date of Annuitant’s death.” (Emphasis added.)
On the application form filled out and signed by Mclnerney, he had the opportunity to select an “installment refund”, “life” or “cash refund” annuity; he chose a “life” annuity. The questions on the application which related to a joint or survivorship annuity were left blank. No beneficiary was designated. Metropolitan argues this is consistent with the fact that decedent selected an annuity contract which does not provide for any death benefits.
Finally, defendant submits a statement signed by decedent on May 24, 1976, upon delivery of the policy, indicating that he “clearly” understood that the “contract does not provide for any cash surrender value, and that at my death, there will be no further obligation under this contract on the part of Metropolitan”. Defendant’s answer contains a counterclaim in the amount of $4,581.92 seeking to recover the four payments made subsequent to *637 decedent’s death. Defendant claims that these payments were made without knowledge of decedent’s death.
Plaintiff relies upon an indorsement to the policy contained on page four thereof, which, tracking the requirements of subdivision (b) of section 408 of the Internal Revenue Code (US Code, tit 26) characterizes the entire interest of decedent as being “nonforfeitable”. The indorsement indicates that the contract was issued as an individual retirement annuity intended to qualify for favorable tax treatment under subdivision (b) of section 408 of the Internal Revenue Code.
To satisfy the relevant provisions of the Internal Revenue Code, the annuity policy was amended in certain respects. The indorsement reads in pertinent part as follows:
“1) The single purchase payment for this contract, in the amount shown on page 3, constitutes a roll-over contribution within the meaning of Section 408(d)(3) of the Internal Revenue Code * * *
“3) The entire interest of the owner is nonforfeitable.
“4) If the owner dies before his entire interest or the remaining undistributed interest is distributed to him * * * the entire interest shall, within five years after the Owner’s death * * * be distributed either in a single sum or as an immediate annuity for the life of the beneficiary or beneficiaries of the Owner.”
It is plaintiff’s position that the language of the indorsement, most notably the provision that “the entire interest of the owner is nonforfeitablemakes it clear that the principal remaining unpaid at the time of decedent’s death is to be distributed to decedent’s estate. In effect, plaintiff contends that this single provision overrides all other provisions to the contrary, and specifically adds a provision (by implication) that at least the premium paid by Mclnerney, would be returned by Metropolitan. Otherwise, plaintiff argues, a forfeiture of decedent’s interest would in effect occur, contrary to the terms of the indorsement. Alternatively plaintiff argues that to the extent the indorsement and the subsequent agreement signed by Mclnerney at the time of the delivery of the contract create an ambiguity, *638 the meaning most favorable to the annuitant must be adopted. (American Home Assur. Co. v Port Auth., 66 AD2d 269.) Plaintiff’s final argument is that in the event the court upholds Metropolitan’s position, the court should rescind the annuity agreement on general equitable principles.
Where the language of a contract is clear and unambiguous and the intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law and is, of course, the responsibility of the court. (Zodiac Enterprises v American Broadcasting Cos., 81 AD2d 337; Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp., 81 AD2d 168.) The authority of the court extends only so far as enforcing the contract according to its precise tenor; in doing so, each part of the written agreement should be interpreted to effectuate its over-all purpose. (Weiss v Weiss, 52 NY2d 170.) The court may not rewrite the agreement under the guise of interpreting or constructing it. (Rodolitz v Neptune Paper Prods., 22 NY2d 383.) Thus, plaintiff’s final argument that in the event the court finds that the contract does not provide for any death benefits the contract should be rescinded is not well taken. “Where language has been chosen containing no inherent ambiguity or uncertainty, courts are properly hesitant under the guise of judicial construction, to imply additional requirements to relieve a party from asserted disadvantage flowing from the terms actually used”. (Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 604.)
Plaintiff argues that the clause: “[t]he entire interest of the owner is nonforfeitable,” indicates an intent to guarantee that the annuitant or his estate will receive distributions in an amount at least equal to the sum paid to Metropolitan Life by Mclnerney. Said argument assumes in the first instance that the words “the interest of the owner” refers to the sum paid to Metropolitan. The parties have not cited the court to any cases which interpret these words. The court finds that the interest referred to is the interest in the annuity contract itself; that is, the right to receive the periodic payments.
In the second instance, the word “nonforfeitable” does not bar termination of payments by reason of death. Said
*639 term is used in subdivision (b) of section 408 of the Internal Revenue Code and in other sections of the code and of the regulations promulgated thereunder. 26 CFR 1.411 (a)-4 (b) (1) (ii) specifies that employee contributions are: “not treated as forfeitable merely because, after commencement of annuity or pension payments in a benefit form provided under the plan, the participant dies without receiving payments equal in amount to his nonforfeitable accrued benefit derived from his contributions”. Similarly, 26 CFR 1.402 (b)-l (d) (2) (iii) states: “The mere fact that an employee may not live to the retirement date, or may live only a short period after the retirement date, and may not be able to enjoy the receipt of annuity or pension payments, does not make his beneficial interest in the contributions made by the employer on his behalf forfeitable. If the employer’s contributions have been irrevocably applied to purchase an annuity contract for the employee * * * the employee’s rights in the employer’s contributions are nonforfeitable.” In Wilson v Commissioner of Internal Revenue (39 TC 362, 365) the Tax Court stated: “That the payments cease upon petitioner’s death makes the rights terminable, not forfeitable. Simply stated, since there were no rights beyond petitioner’s death, there were no rights which could be forfeited by death.” Thus it is clear that although Mclnerney’s benefits under the annuity policy terminated with his death, this termination did not amount to a forfeiture of his entire interest. Decedent’s “entire interest” was what he was entitled to receive under the policy, and that was governed by the terms of the policy itself. Under the policy, Mclnerney was to receive payments of $1,145.48 per month for the duration of his life; Metropolitan Life made all of such payments. The indorsement was neither meant to expand decedent’s rights under the policy nor change defendant’s agreed upon obligation under the annuity policy. Nothing in section 408 of the Internal Revenue Code upon which the indorsement to the contract is based, mandates that a death benefit be provided.
Although plaintiff makes the further argument that decedent never intended to divest himself or his beneficiaries of the principal amount he paid to Metropolitan Life, and that he relied to his detriment on representations to *640 the contrary, this argument is unsupported by the facts. The only representations in the record are reflected in the annuity policy itself and in the acknowledgment signed by the deceased at the time of the delivery of the contract. Moreover, if plaintiff intends to infer by these allegations that decedent was confused or unaware as to the type of annuity contract he was purchasing, these allegations are unsubstantiated by the record, and fly in the face of the specific acknowledgment signed by decedent at the time of delivery of the contract.
Accordingly, plaintiff’s motion for summary judgment is denied. Defendant’s cross motion for summary judgment is granted.