■ DONALD PETTENGILL, Appellant, v JACK J. SISSMAN, P. C., et al., Respondents. [701 NYS2d 138] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 6, 1998 in Schenectady County, which denied plaintiff's motion for leave to amend the complaint.

Defendant Jack J. Sissman (hereinafter defendant), an attorney, represented plaintiff in an administrative disciplinary proceeding which resulted in the termination of plaintiff's employment with the State. Plaintiff thereafter retained defendant to pursue judicial review of the administrative determination and defendant timely commenced a CPLR article 78 proceeding. After the proceeding was transferred to this Court, however, defendant failed to perfect it and the proceeding was dismissed. Plaintiff thereafter commenced this action alleging a single cause of action for legal malpractice based upon defendant's failure to perfect the CPLR article 78 proceeding.

After issue was joined and discovery was conducted, plaintiff's counsel allegedly learned for the first time that defendant intended to defend the action on the ground that the CPLR article 78 proceeding would not have been successful. Accordingly, plaintiff moved for leave to amend the complaint to add a cause of action alleging legal malpractice based upon defendant's failure to advise plaintiff, prior to the commencement of the administrative hearing and after the State had offered to settle the disciplinary proceeding with a two-month suspension, that it would be "virtually impossible" to succeed in a CPLR article 78 proceeding to review a final determination rendered after the hearing. Plaintiff alleges that if he had been so advised, he would have accepted the settlement offer. Finding prejudice to defendants and lack of merit in the new cause of action, Supreme Court denied the motion. Plaintiff appeals.

Leave to amend is to be freely given, but inasmuch as the

decision whether to allow a party leave to amend is within the discretion of the court, a denial of leave to amend will not lightly be set aside, particularly where, as here, plaintiff fails to provide some evidence to support the new cause of action (*see, Christenson v Gutman*, 249 AD2d 805, 808). Plaintiff's new cause of action is based on his claim that the CPLR article 78 proceeding was "hopeless or nearly hopeless" and that defendant knew or should have known, prior to the administrative hearing, that it would be "virtually impossible" to overturn a final determination in the disciplinary proceeding. There is, however, nothing in the record to demonstrate the lack of merit in the CPLR article 78 proceeding commenced by defendant and, as noted by Supreme Court, defendant would have had to engage in pure speculation to forecast, prior to the administrative hearing, the likelihood of success of judicial review of a final determination rendered after the hearing.

In any event, "[l]egal malpractice consists of the failure of an attorney to exercise that degree of skill commonly exercised by an ordinary member of the legal community" (*Saveca v Reilly*, 111 AD2d 493, 494; *accord, Thaler & Thaler v Gupta*, 208 AD2d 1130, 1132). Neither the proposed amended complaint nor plaintiff's affidavits in support of his motion allege the standard of professional care and skill that defendant failed to meet in neglecting to speculate on the likelihood of success of judicial review if plaintiff declined the settlement offer, litigated the merits of the disciplinary charges at the administrative hearing and had his employment terminated, a result which neither plaintiff nor defendant expected. Plaintiff failed to provide any evidence to support the new cause of action and, therefore, we will not disturb Supreme Court's denial of plaintiff's motion for leave to amend.

Peters, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.