■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MAKAS, Appellant. [709 NYS2d 650] —Rose, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered January 22, 1999, convicting defendant upon his plea of guilty of the crime of arson in the second degree.

Around 3:00 A.M. on May 9, 1998, defendant intentionally started a fire in a residential building he owned in the Village of Hurley, Ulster County. The building, which had just been rented to a new tenant but was unoccupied at the time of the fire, had a covered breezeway connecting it to a second, larger residence 14½ feet away. The second building was also owned by defendant and rented to other tenants who were occupying it at the time of the fire. After setting fire to the unoccupied building, defendant called 911, stating that he had set a fire and wanted the police to come and shoot him. No one was injured as a result of the fire, but the unoccupied building was severely damaged.

After his arrest, defendant was found to be suicidal and depressed, with psychotic thinking, and was determined to be incapacitated. He was committed to a mental institution in May 1998, a Grand Jury indicted him on charges of arson in the second degree, arson in the third degree and attempted arson in the third degree in June 1998, and he was found competent to proceed in the criminal proceeding as of July 17, 1998. In November and December 1998, defendant had two psychiatric examinations on the recommendation of the forensic health team of the Ulster County Jail. The examining physicians found him to be guarded and mildly depressed, and opined that his crime probably resulted from his mental illness. ·

As part of an omnibus motion made in November 1998, defendant moved for dismissal of the indictment as unsupported by the facts because the residential structures were separate buildings, the fire was initiated in the unoccupied building and the occupied building was not damaged by the fire. In aid of this motion, defendant submitted an affidavit of an architect describing the physical features, including each building's separate foundation and the lack of access to the occupied building from the breezeway, leading to the conclusion that the structures were separate buildings. Finding the issue of whether the "structure" was occupied to be a question of fact for the jury, County Court denied defendant's motion by a decision and order dated November 19, 1998. On November 20,

1998, three days before trial was scheduled to begin, defendant pleaded guilty to arson in the second degree. County Court imposed an indeterminate prison sentence of 6 to 12 years. Defendant now appeals.

Defendant contends that his plea was not knowing, voluntary and intelligent because County Court failed to have him recite facts establishing the elements of his crime, accepted defendant's equivocal responses to questions concerning whether his mental illness or medication would interfere with his ability to understand the proceedings against him and failed to question him concerning his intoxication during the commission of the crime. He also contends that he was denied effective assistance of counsel by his attorney's failure to, *inter alia*, pursue a defense of mental disease or defect, or address County Court's apparent resolution of the question of fact regarding whether the burned structure was occupied by repeated references in the plea allocution to the fire in the unoccupied building and the absence of damage to the occupied building.

Although defendant places great emphasis on County Court's failure to properly consider his lack of mental capacity, we find that a defect inherent in the plea itself requires reversal and makes it unnecessary to consider his other contentions.

In most circumstances, to preserve a challenge to the factual sufficiency of a plea allocution, a defendant must have made a motion to withdraw the plea under CPL 220.60 (3) or a motion to vacate the plea under CPL 440.10 (*see, People v Lopez*, 71 NY2d 662). However, where the defendant's recitation of the underlying facts clearly negates an essential element of the crime to which he or she is pleading and the court fails to make further inquiry to ensure that the plea is intelligent and voluntary (*id.*, at 666), the acceptance of such a plea is an abuse of discretion (*see, People v Etoll*, 57 AD2d 973) and the defendant may challenge the sufficiency of the plea allocution on direct appeal (*see, People v Lopez, supra*, at 666). The record here indicates that defendant's recitation at the plea allocution not only failed to establish the essential elements of arson in the second degree, but also negated at least one of those elements. Thus, defendant's request for appellate review falls within an exception to the preservation rule under *People v Lopez (supra)*.

We begin our review with the precept that, before accepting a guilty plea, a court must establish the requisite elements of the crime from the defendant's recital of the facts and should not accept the guilty plea as valid without further inquiry if

the elements of the crime are not clearly established (*see, People v Serrano*, 15 NY2d 304). The court should instead refuse the guilty plea and order the matter to trial, advise the defendant that the admissions failed to clearly establish guilt of the crime being pleaded to or take other precautions to see that the defendant is aware of what he or she is doing (*see, id.*, at 309-310). While the defendant need not personally recite each element of the crime being pleaded to in narrative form (*see, e.g., People v Victor*, 262 AD2d 872, *lv denied* 94 NY2d 830), acceptance of a plea when the factual recitation does not establish one of the requisite elements of the crime is reversible error (*see, People v Etoll*, 57 AD2d 973, *supra*).

The essential elements of the crime to which defendant pleaded here are set forth in Penal Law § 150.15 as follows: "A person is guilty of arson in the second degree when he intentionally damages a building * * * by starting a fire, and when (a) another person who is not a participant in the crime is present in such building * * * at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility."

Here, County Court's questioning as to the underlying facts of the arson and defendant's responses established that the rental property consisted of two separate buildings connected by a breezeway, that defendant placed burning papers in the basement of the unoccupied building with intent to "burn that building down," that defendant knew that a second building was connected to the first by a breezeway and that defendant knew that there were people in the second building.

As County Court neither made a finding as a matter of law that defendant's two rental units constituted one building nor elicited an admission to that effect, defendant's responses during the plea allocution failed to establish the elements of arson in the second degree. Specifically, defendant did not admit that he intended to damage an occupied building by setting the fire (*see, People v Keech*, 121 Misc 2d 368, 371-372), that he actually damaged an occupied building (*cf., People v Davis*, 89 Misc 2d 535) or that he knew a person was present in the building which he set on fire. Rather than ascertaining that defendant intentionally damaged an occupied building, County Court negated that element when it stated, and defendant confirmed, that defendant had intentionally damaged a building that was not occupied. County Court's acceptance of defendant's guilty plea in these circumstances was error and the conviction must be reversed.

Crew III, J. P., Mugglin and Lahtinen, JJ., concur. Ordered

that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.