■ ROBERT AIELLO, Appellant, v MANUFACTURERS LIFE IN-SURANCE COMPANY OF NEW YORK et al., Respondents. [748 NYS2d 818] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered September 11, 2001 in Ulster County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered January 25, 2002 in Ulster County, which denied plaintiff's motion for reconsideration.

In this action, plaintiff seeks to reform an annuity contract to designate him a primary beneficiary so that he may receive the death benefit. Defendant Manufacturers Life Insurance Company of New York (hereinafter Manufacturers) is the successor of First North American Life Assurance Company, which issued an annuity contract to Joseph Vigna in October 1994. The annuity contract at issue designates his wife, Fannie Vigna, the primary beneficiary, and plaintiff the contingent beneficiary. Fannie Vigna survived Joseph Vigna by only 72 days, prompting plaintiff's application for benefits under the annuity contract. This action was commenced after Manufacturers denied his request for payment.

Following joinder of issue, Manufacturers moved for summary judgment dismissing all claims and plaintiff cross-moved to amend his complaint to substitute a cause of action for breach of contract and for summary judgment on the amended complaint. Defendant Theresa M. Bock, as administrator of Fannie Vigna's estate, joined in Manufacturers' motion. Supreme Court, finding no merit in plaintiff's breach of contract claim, denied plaintiff's cross motion to amend and granted Manufacturers' motion for summary judgment holding that plaintiff's original request to reform the contract was time-barred by the applicable six-year statute of limitations. Plaintiff moved for reconsideration of his cross motion to amend, which was denied. Plaintiff appeals from both orders.

We affirm. Initially, we observe that the sole issue on appeal concerns the denial of the cross motion to amend since plaintiff does not dispute Supreme Court's grant of summary judgment dismissing his action for reformation of the contract. It is well settled that a motion to amend the complaint is addressed to the sound discretion of the court and, in the absence of a clear abuse of such discretion, the determination will not be disturbed on appeal (*see Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 666). Although a motion to amend a complaint will be freely granted in the absence of prejudice or surprise (*see Pettengill v Sissman*, 267 AD2d 767), the proposed amended pleading must be meritorious (*see CFJ Assoc. of N.Y.*

*v Hanson Indus.*, 274 AD2d 892, 895; *Pettengill v Sissman, supra* at 768). Since we conclude that plaintiff's proposed amended pleading lacks merit, we find no abuse of discretion in Supreme Court's decision denying plaintiff leave to amend.

By its terms, the entire annuity contract at issue includes the application therefor. Any modification to the contract is required to be made by a signed writing. The application clearly lists Fannie Vigna as beneficiary and plaintiff as contingent beneficiary. Any claim by plaintiff that Joseph Vigna intended plaintiff to be a primary beneficiary is without merit, since he has failed to produce any writing signed by Joseph Vigna which would alter the status of the beneficiaries as designated in the application. We agree with Supreme Court that plaintiff's attempt to submit parol evidence of a modification of the designated beneficiaries is barred by the statute of frauds (*see* General Obligations Law § 5-701) and Insurance Law § 3204, which precludes any alteration of an insurance contract other than by an instrument signed by the appropriate party.*

Likewise, there is no merit to plaintiff's contention that his status as contingent beneficiary entitles him to the proceeds of the annuity upon the death of the primary beneficiary. The annuity contract unambiguously provides that the benefits will be paid to the primary beneficiary, as designated in the application, upon the death of Joseph Vigna, the annuitant. Since Fannie Vigna was alive at the time of the annuitant's death, the right to such benefits vested immediately, extinguishing any interest of the contingent beneficiary (*see Continental Assur. Co. v Patrick*, 157 AD2d 1016, 1018). Accordingly, Supreme Court properly determined that plaintiff's proposed amended claim for breach of contract lacked merit, requiring denial of the motion to amend.

As a final matter, to the extent that plaintiff's motion for reconsideration is considered one to reargue, it is not subject to appeal (*see Matter of Pravda v New York State Dept. of Motor Vehs.*, 286 AD2d 838, 839). If the motion is considered to be one to renew, Supreme Court's denial was correct first, because plaintiff failed to offer any reason why the evidence he submitted on the motion was not offered on the original motion (*see*

---

* In his reply brief, plaintiff, relying on *Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.* (83 NY2d 353), asserts that since annuities are not insurance, the rules applicable to life insurance do not apply. In our view, this reliance is misplaced. This case dealt with interpretation of the Banking Law concerning the types of financial products that banks were authorized to market, and did not alter the plain language of Insurance Law § 3204.

CPLR 2221 [e]), and, second, because the additional evidence consisted only of inadmissible affidavits that Joseph Vigna's understanding and intent were contrary to the unambiguous terms of the document. Thus, we find no abuse in Supreme Court's denial of plaintiff's reconsideration motion.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.