■ THERESA W. TAURONE, Appellant, v PRESIDENTIAL LIFE INSURANCE COMPANY et al., Respondents. [753 NYS2d 847] —In an action, inter alia, to recover money due as the beneficiary of an annuity contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 20, 2002, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff, the cousin of the decedent William Birney, commenced this action, inter alia, to recover moneys she claims are owed to her as the beneficiary of an annuity contract is-

sued to Birney by the defendant Presidential Life Insurance Company (hereinafter Presidential). The defendant Joseph Soricelli was the insurance broker who submitted the application to Presidential on behalf of Birney.

Contrary to the plaintiff's contention, the Supreme Court properly determined, as a matter of law, that neither she nor Birney's estate was entitled to receive payments under the annuity or repayment of the balance of the premium. The annuity contract, as amended by Birney upon its delivery to him, clearly and unambiguously specified that its benefits were limited to lifetime $1,000 monthly payments to the decedent and that no death benefits were payable (see *Fisher v Metropolitan Life Ins. Co.,* 120 Misc 2d 635). Accordingly, summary judgment was properly granted to the defendants (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff's remaining contentions are without merit. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.