■ John E. Silverman et al., Respondents-Appellants, v 875 Tenant Corp. et al., Appellants-Respondents. John E. Silverman et al., Appellants, v 875 Tenant Corp., Respondent, et al., Defendant. [791 NYS2d 542]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered May 11, 2004, which granted defendants' motion for summary judgment only with respect to plaintiffs' first and third causes of action, and order, same court and Justice, entered August 2, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to amend the first amended complaint with respect to the fourth and seventh proposed causes of action, unanimously modified, on the law, the motion for summary judgment granted with respect to the second cause of action as well, and the motion for leave to amend denied with respect to the second and sixth proposed causes of action as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the second amended complaint.

The court did not err in granting defendants summary judgment on the first cause of action, since the facts herein do not give rise to a claim of wrongful eviction, much less the claimed violation of RPAPL 853 (*see Gold v Schuster*, 264 AD2d 547 [1999]). No reasonable reading of the documentary evidence supports a claim that defendants breached any contract, or that plaintiffs were damaged thereby. In any event, plaintiffs waived

any claim, in the Alteration Agreement, to the type of damages sought herein. Accordingly, both defendants were entitled to summary judgment on the second cause of action.

The court did not improvidently exercise its discretion in rejecting the fourth and seventh proposed causes of action (*see Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662 [2002], *lv denied and dismissed* 99 NY2d 575 [2003]). In the fourth proposed cause, plaintiffs alleged only a breach of a court-ordered stipulation that would not entitle them to money damages. The seventh proposed cause was largely duplicative of the breach of contract claim, and did not sufficiently allege an independent claim for fraudulent misrepresentation. Inasmuch as we are dismissing the breach of contract claim in the appeal from the order entered May 11, 2004, we modify sua sponte to grant the same relief with respect to the order entered August 2, 2004, dismissing the second as well as the sixth proposed causes of action in the second amended complaint. Concur— Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.