Timothy Makas, Appellant, v Dennis B. Schlenker et al., Respondents. [793 NYS2d 604]—

Crew III, J. Appeal from an order of the Supreme Court (Spargo, J.), entered February 2, 2004 in Ulster County, which, inter alia, granted defendant Dennis B. Schlenker's cross motion to dismiss the complaint.

This case involves a pro se action alleging a violation of plaintiff's "civil rights" by reason of defendant Dennis B. Schlenker's alleged failure to properly represent plaintiff in a criminal prosecution charging plaintiff with arson in the second degree, arson in the third degree and attempted arson in the third degree. The underlying facts concerning that criminal prosecution are fully set forth in our previous decision in that matter (*People v Makas*, 273 AD2d 510 [2000]). Briefly, plaintiff allegedly intentionally started a fire in a building he owned in the Village of Hurley, Ulster County. Following indictment, plaintiff pleaded guilty to the crime of arson in the second degree and was sentenced to 6 to 12 years in prison. On appeal, we reversed that conviction and remitted the matter to County Court based upon an insufficient plea colloquy (*id.* at 512).

On remittal, plaintiff retained Schlenker to represent him. By reason of plaintiff's considerable prior psychiatric history, Schlenker served and filed a CPL 250.10 (1) (a) notice. The People moved to strike said notice because it was served more than 30 days after plaintiff's entry of his plea of not guilty to the indictment. County Court denied the People's motion, and plaintiff thereafter was permitted to plead not guilty by reason of mental disease or defect, as the result of which plaintiff was placed in the custody of the State Commissioner of Mental Health and committed to the Mid-Hudson Psychiatric Center.

Plaintiff then commenced this action against Schlenker, the Ulster County District Attorney, Emmanuel Nneji, and a "John Doe" by filing the underlying summons and complaint on December 11, 2002. However, plaintiff failed to personally serve defendants within 120 days as required by CPLR 306-b. Consequently, plaintiff moved to extend his time to serve the summons and complaint and to amend the complaint to assert causes of action for malpractice and breach of contract, and Schlenker cross-moved to dismiss the complaint. Supreme Court

denied plaintiff's motion, granted Schlenker's cross motion and dismissed the complaint in its entirety, prompting this appeal by plaintiff.

As limited by his brief,[1] plaintiff argues that Supreme Court erred in failing to extend his time to serve the summons and complaint and in failing to permit him to amend his complaint. We disagree and, thus, affirm. While leave to amend should be freely given, denial thereof will not be set aside where, as here, plaintiff fails to provide evidence to support the new causes of action (*see Pettengill v Jack J. Sissman, P.C.*, 267 AD2d 767, 767-768 [1999]). Here, plaintiff failed to provide any evidence of a colorable claim for malpractice or breach of contract against Schlenker. Indeed, plaintiff received the outcome he sought, i.e., an adjudication of not guilty, eviscerating his claims of malpractice and breach of contract.[2] Plaintiff's remaining arguments have been considered and found to be equally without merit.

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

1. Plaintiff has not raised the propriety of the dismissal of the complaint as to Nneji and Doe and that issue is, therefore, not properly before the Court (*see Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]).

2. To the extent that plaintiff contends that County Court improperly accepted his plea, we need note only that plaintiff moved to vacate such plea pursuant to CPL 440.10, which motion was denied.