■ MARGARET IVALDI, Appellant, v METLIFE INVESTORS INSURANCE COMPANY et al., Respondents. [899 NYS2d 346]—

In an action, inter alia, to recover money due as the beneficiary of an annuity contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kerins, J.), entered November 7, 2008, which denied her motion for summary judgment on the complaint and granted the separate cross motions of the defendants Metlife Investors Insurance Company, Metlife Investors USA Insurance Company, and First Metlife Investors Insurance Company, and the defendants David Briggs and Jessica Beam, as co-executors of the estate of Jane Baumann, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Jane Baumann and her husband, John Baumann, were joint owners of an annuity purchased in 2004, and the plaintiff was listed as their primary beneficiary. John Baumann died during the accumulation period in December 2006 and, pursuant to the terms of the annuity policy, that event immediately changed the terms of the annuity policy, leaving Jane Baumann as the primary beneficiary, and requiring the annuity policy death benefit to become payable to Jane Baumann at that time. Once the death benefit became payable, the annuity policy provided Jane Baumann, in her capacity as the remaining owner of the annuity policy, with several options with regard to the death benefit.

However, neither Jane Baumann nor her representatives exercised any of those options prior to her death in January 2007. The defendant Metlife Investors Insurance Company (hereinafter Metlife) paid the death benefit to the estate of Jane Baumann.

Contrary to the plaintiff's contention, the Supreme Court properly determined, as a matter of law, that she was not entitled to the death benefit payments under the variable annuity policy issued by Metlife. The annuity contract clearly and unambiguously specified that benefits thereunder were payable to the surviving joint owner of the annuity if the other enumerated options available to the surviving joint owner were not exercised (*see Fisher v Metropolitan Life Ins. Co.*, 120 Misc 2d 635 [1983]). Since Joan Baumann, the surviving joint owner, failed to exercise the election to continue the annuity, and the death benefit amount of the annuity vested in her upon the death of John Baumann, that death benefit was payable to the estate of Jane Baumann as personalty at the time of her own death. Consequently, Metlife properly paid the death benefit to the estate of Jane Baumann (*see Taurone v Presidential Life Ins. Co.*, 301 AD2d 587 [2003]; *Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662 [2002]).

The defendants established their respective prima facie entitlements to judgment as a matter of law dismissing the complaint by demonstrating that the death benefit under the relevant annuity policy was properly paid to the estate of Jane Baumann upon her death, and the plaintiff failed to raise a triable issue of fact in opposition. For the same reason, the plaintiff failed to establish her own entitlement to judgment as a matter of law. Accordingly, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the complaint and granted the defendants' respective cross motions for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.