■ JOHN LANDRUM BRYANT et al., Appellants, v ONE BEEKMAN PLACE, INC., et al., Respondents. [904 NYS2d 370]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered April 22, 2009, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs, upon purchasing their cooperative apartment, voluntarily subjected themselves to the rules, bylaws and policies of defendant cooperative corporation, including the alteration agreement, which they signed, governing any renovations in their joined units and waiving any claims they might have against defendants arising from the suspension of renovation work (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 536-537, 539-540 [1990]). The documentary evidence and sworn averments conclusively establish, essentially without dispute, notwithstanding plaintiffs' unsupported allegations of defendants' malicious motives, that plaintiffs' renovations went beyond the approvals given by the coop board and that plaintiffs failed to submit revised plans for approval. The coop's architect, inter alia, made specific objections to the use of wood in structural elements, and soffits and partition walls, as fire hazards affecting not only plaintiffs' residence but also the building, and imposed additional requirements with respect to

plaintiffs' proposed internal elevator so as to minimize vibrations and noise that might affect other residents. Notwithstanding these requirements, plaintiffs continued the construction in a manner that was noncompliant, and unapproved, and only belatedly submitted revised plans that were in several regards inadequate. When it became apparent that plaintiffs remained noncompliant, the coop board directed that work be suspended, as specifically authorized in the alteration agreement. When work did not stop, the coop, for three hours on one day, padlocked one of the three points of access to the plaintiffs' residence so as to prevent access that morning by workers, notably when plaintiffs were out of the country and not seeking access. When plaintiffs became substantially compliant, the stop work order was lifted, and the renovations were completed. In short, the record establishes nonmalicious, valid reasons for defendants' actions, and the reasonable, professional manner in which they addressed plaintiffs' proposed renovations and unapproved work.

In view of the foregoing, there is no merit to plaintiffs' claims for breach of contract, unlawful ejectment (*see Silverman v 875 Tenant Corp.*, 16 AD3d 248 [2005], *lv dismissed* 5 NY3d 880 [2005]), prima facie tort and breach of fiduciary duty; the latter claim, moreover, is inadequately pleaded in that it fails to allege facts showing that the board's actions had no legitimate relationship to the welfare of the coop at large (*see Levandusky*, 75 NY2d at 538, 540). The claim for intentional interference with plaintiffs' construction contract fails to allege a breach of that contract; nor does the general contractor's affidavit in opposition to defendants' motion to dismiss the complaint (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.