McCarthy, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 11, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to burglary in the first degree. In accordance with the plea agreement, he was sentenced as a second felony offender to 15 years in prison, to be followed by five years of postrelease supervision. He now appeals.
*1256 Defendant’s sole contention is that he was denied the effective assistance of counsel. We find defendant’s claim to be lacking in merit inasmuch as his counsel’s failure to enter a formal not guilty plea on his behalf at the arraignment did not, under the circumstances presented here, deprive him of a substantial right (see People v Rodabaugh, 26 AD3d 598, 600 [2006]). Further, before accepting a guilty plea, the trial court may assure itself that a defendant is actually guilty by way of an inquiry of the defendant establishing the elements of the crime charged (see People v Beasley, 25 NY2d 483, 488 [1969]; People v Serrano, 15 NY2d 304, 308 [1965]; People v Makas, 273 AD2d 510, 511-512 [2000]). Counsel appropriately allowed County Court to establish defendant’s guilt during the plea colloquy by permitting defendant to answer the court’s inquiries without objection, because even if defendant were allowed to withdraw his guilty plea, the incriminating statements made during his plea colloquy could not be used against him at trial (see People v Curdgel, 83 NY2d 862, 864 [1994]; People v Moore, 66 NY2d 1028, 1029-1030 [1985]). Therefore, defendant has not demonstrated that he was denied meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Wiltshire, 96 AD3d 1227, 1228-1229 [2012]).
Rose, J.E, Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.