■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG COLE, Appellant. [605 NYS2d 243] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered February 6, 1991, which convicted defendant, upon his pleas of guilty, of manslaughter in the first degree, assault in the first degree, and attempted assault in the second degree, and sentenced him, as a second violent felony offender, to concurrent terms of imprisonment of 11 to 22 years, 7½ to 15 years, and 2 to 4 years, respectively, unanimously affirmed.

Defendant's claim that he did not knowingly and voluntarily waive his right to appeal is unpreserved since defendant failed to move to vacate the plea or indeed to make any objection on the record *(People v Carmona,* 192 AD2d 446) and we decline to review in the interest of justice. Were we to review we would find it to be without merit inasmuch as the record demonstrates that the plea was knowing and informed *(People v Callahan,* 80 NY2d 273). Likewise, defendant's claim that he did not waive the right to appeal his sentence is also unpreserved and we similarly decline to review it. Were we to review, we would find it to be without merit since a defendant's generalized waiver of his right to appeal includes the right to appeal his sentence *(People v Burk,* 181 AD2d 74, *lv denied* 80 NY2d 927). Moreover, defendant's contention that he is entitled to reversal of his conviction under Indictment 3079/90 since he denied committing any criminal act thereunder is unpreserved for this Court's review as defendant never objected at sentencing, or moved to withdraw or vacate the sentence *(People v Stephens,* 188 AD2d 345, *lv denied* 81 NY2d 893). In any event, "it is not necessary that a defendant admit guilt to enter a plea, provided the plea is informed and intelligent" *(People v Bruington,* 186 AD2d 504, *lv denied* 81

NY2d 968). Here, defendant agreed to plead guilty to the charge to take advantage of the plea agreement. Lastly, defendant's bargained-for sentence was not excessive.

We have reviewed defendant's remaining claims and find them to be meritless. Concur—Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.