■ The People of the State of New York, Respondent, v Derrick Henderson, Appellant. [650 NYS2d 640] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered June 30, 1994, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's claim that his unawareness of the robing room *Sandoval* hearing and ruling rendered his plea not voluntary, knowing and intelligent because, had he been made aware, he would have proceeded to trial and, in the event of a guilty verdict, exploited the court's error in conducting the hearing

in his absence, is without merit (*cf.*, *Lockhart v Fretwell*, 506 US 364, 370). By pleading guilty, defendant agreed to relinquish certain constitutional rights, among them being the right to confront witness and the right to a jury trial, and also the right to appeal. While a guilty plea does not forfeit certain fundamental rights and jurisdictional issues, the right to be present at a *Sandoval* hearing is not included as a fundamental constitutional right. In fact, the Court of Appeals has classified the right as a statutory right (*see, People v Favor*, 82 NY2d 254) and as such it does not survive a plea of guilty. Defendant's claim that his sentence is excessive was waived by his waiver of the right to appeal (*People v Cole*, 199 AD2d 60, *lv denied* 83. NY2d 803), and, in any event, we perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.