■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DUNBAR, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL SANTANA, Appellant. [660 NYS2d 109] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered July 15, 1993, convicting defendant Dunbar, upon his plea of guilty, of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, and judgment, same court and Justice, rendered May 11, 1993, convicting defendant Santana, upon his plea of guilty, of two counts of conspiracy in the second degree, and sentencing him, as a second felony offender, to consecutive terms of $7^1/_2$ to 15 years, unanimously affirmed.

By entry of a guilty plea, each defendant waived any claim of error by the trial court in determining admissibility at trial of statements of a codefendant, not a party to this appeal, under the declarations against penal interest exception to the hearsay rule (*People v Taylor*, 65 NY2d 1, 5), as well as any claim of a right to be present at a proceeding to determine the availability of the codefendant in question (*see, People v Henderson*, 233 AD2d 253).

Similarly, by entry of a guilty plea, defendant Santana waived any claim of error regarding determinations of the audibility of various audiotapes (*People v Taylor, supra*), and thus his claim that his fundamental right to appeal was denied by the unavailability of the stenographic minutes regarding an adjournment date during the continuance of the audibility hearings is rendered academic.

Contrary to defendant Santana's argument, the record adequately sets forth the suppression court's findings of fact and conclusions of law in connection with his *Huntley* application and supports the court's determination that the statements in question were made voluntarily, after proper administration and waiver of the *Miranda* rights. Implicit in the court's determination is a proper finding that the failure of the New York City detectives, who administered the *Miranda* warnings and asked defendant Santana if he had any information to offer regarding past or planned crimes in New York City, to identify themselves specifically as New York City detectives did not constitute a deception so fundamentally unfair as to render defendant Santana's statements involuntary (*People v Tankleff*, 84 NY2d 992).

By failing to join in the codefendant's application for a *Darden* hearing, defendant Dunbar may not properly claim error in connection with determination of the issue (CPL 710.70 [3]). In any event, any claim of error in connection with such a pre-

liminary ruling does not survive entry of a guilty plea (*see, People v Petgen*, 55 NY2d 529).

Contrary to defendant Dunbar's claim, the record contains the stenographic minutes of his plea allocution, which indicate that he entered a knowing, intelligent and voluntary guilty plea. Further, in the absence of any showing of some fault on the part of the People, the mere unavailability of the stenographic minutes of defendant Dunbar's sentencing proceeding does not automatically so frustrate the fundamental right to appeal that reversal is required (*People v Rivera*, 39 NY2d 519). In this connection, the presumption of regularity that attaches to judicial proceedings is supported by the fact that defendant Dunbar received the negotiated sentence, and his failure to suggest any appealable issue arising out of the sentencing procedure defeats his claim that the unavailability of the sentencing minutes has deprived him of his fundamental right to appeal (*see, People v Glass*, 43 NY2d 283). Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.