THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON HERNANDEZ, Appellant. [679 NYS2d 913] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). He seeks summary reversal of his conviction or remittal for a reconstruction hearing because the court reporter is unable to locate the sentencing minutes, which defendant contends are necessary to determine the voluntariness of the plea and the propriety of the sentence. In pleading guilty, however, defendant waived his right to appeal except with regard to the legality of the sentence, and defendant does not challenge the legal-

ity of the sentence. Defendant's comprehensive waiver encompasses the right to challenge the sentence as unduly harsh or severe (*see, People v Hidalgo,* 91 NY2d 733). Furthermore, defendant's notice of appeal is from the sentence only, thereby placing issues relating to the validity of the plea beyond the scope of our review. Because defendant has failed "to suggest any appealable issue arising out of the sentencing procedure", the loss of the sentencing minutes does not require summary reversal of his conviction or remittal for a reconstruction hearing (*People v Dunbar,* 240 AD2d 275, 276, *lv denied* 90 NY2d 892). (Appeal from Judgment of Yates County Court, Falvey, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Denman, P. J., Wisner, Pigott, Jr., Callahan and Fallon, JJ.