■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JIMENEZ, Appellant. [716 NYS2d 635] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), defendant contends that he was deprived of his right to be present at an audibility hearing, that County Court erred in failing to arrange for a stenographic transcript of the audibility hearing, and that defense counsel was ineffective in the manner in which he handled the audibility hearing. Those contentions do not survive a plea of guilty (*see, People v Dunn,* 261 AD2d 940, *lv denied* 94 NY2d 822; *People v Henderson,* 233 AD2d 253, 254, *lv denied* 90 NY2d 859; *see also, People v Dunbar,* 240 AD2d 275, *lv denied* 90 NY2d 892; *see generally, People v Prescott,* 66 NY2d 216, 219-220, *cert denied* 475 US

1150; *People v Taylor,* 65 NY2d 1, 5). There is no merit to the remaining contentions of defendant that the court erred in denying his motion to withdraw the guilty plea, that defense counsel was ineffective in the manner in which he pursued that motion, and that the sentence is unduly harsh or severe. (Appeal from Judgment of Jefferson County Court, Clary, J.— Criminal Sale Controlled Substance, 2nd Degree.) Present— Hayes, J. P., Scudder, Kehoe and Lawton, JJ.