■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERESE HOOVER, Appellant. [830 NYS2d 115]—

Appeal from judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered October 21, 2004, convicting defendant, upon her plea of guilty, of robbery in the first degree, and sentencing her to a 15-year term of imprisonment and a five-year period of postrelease supervision, held in abeyance pending receipt, within 20 days of service of a copy of this order, of a respondent's brief addressed to the issue of defendant's claim of excessiveness of sentence, and a reply brief, if any, filed within 10 days of service of respondent's brief.

The waiver of defendant's right to appeal, upon which the People rely, consisting of the answer "yes" to the question, "You are also waiving your right to appeal this plea and sentence. Do you understand all of that?" is invalid and unenforceable. For a purported waiver to be effective, the record "must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]). That test was not met here.

Unfortunately, the People's brief addressed only the validity of the waiver, which defendant challenged, without discussing the merits of defendant's excessive sentence claim, thus necessitating a second submission to dispose of the latter issue. While this dual-faceted approach, a recurring problem, is authorized under the rules of this Court (22 NYCRR 600.16 [b]), we now recognize, with the benefit of hindsight, that it is inefficient and highly burdensome on the Court and the parties, and should be utilized only in the exceptional case. The judicial system's resources are too valuable to justify such a fragmentary method of adjudication. On the other hand, a single briefing in a case such as this imposes no undue burden on the respondent.

The People, citing this Court's decisions in *People v Cole* (199 AD2d 60 [1993], *lv denied* 83 NY2d 803 [1994]) and *People v Carmona* (192 AD2d 446 [1993]), also argue that defendant's challenge to the waiver of appeal is unpreserved because she never moved to withdraw her guilty plea. While this Court so held in those cases, we no longer follow them. A defendant who has pleaded guilty and simultaneously waived the right to appeal cannot be asked, as a condition to an appellate challenge to the waiver of appeal, to move to withdraw the plea of guilty, with which, except for any otherwise preserved appellate issue,

he/she may be satisfied. Nothing in *People v Lopez* (6 NY3d 248 [2006], *supra*) suggests that such a preservation requirement exists. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.