—] Judgment,
Supreme Court, Bronx County (John A. Barone, J., at hearings; Efrain Alvarado, J., at plea, sentence and resentence), rendered April 7, 2004, as amended December 4, 2006, convicting defendant of criminal possession of a controlled substance in the second degree, and resentencing him to a term of 6V2 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Moissett, 76 NY2d 909 [1990]). As an alternative holding (see People v Callahan, 80 NY2d 273, 285 [1992]), after reviewing the sealed minutes of the Darden-Castillo hearing {People v Castillo, 80 NY2d 578 [1992]) and the evidence presented at the suppression hearing, we also reject defendant’s suppression arguments on the merits. The police had probable cause to search defendant’s car, as well as his valid consent.
However, we note that the respondent’s brief should, in addition to addressing the validity of the waiver, have discussed the merits of defendant’s suppression claims. The use of a bifurcated brief pursuant to the rules of this Court (22 NYCRR 600.16 [b]) was “inefficient and highly burdensome on the Court and the parties” {People v Hoover, 37 AD3d 298, 299 [2007], Iv denied 9 NY3d 845 [2007]). We do not find this to be an “exceptional case” warranting such an approach {id.).
We perceive no basis for a further reduction of the sentence beyond the relief already granted pursuant to the Drug Law Reform Act. Concur — Mazzarelli, J.P., Friedman, Nardelli, Buckley and Freedman, JJ.