People v Goodearl (2019 NY Slip Op 07181)





People v Goodearl


2019 NY Slip Op 07181


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


887 KA 18-01573

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY J. GOODEARL, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 27, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a definite term of imprisonment of one year, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Niagara County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of sexual abuse in the first degree (Penal Law § 130.65 [2]) and sentencing him to a determinate term of three years' imprisonment plus 10 years' postrelease supervision. Preliminarily, we agree with defendant that his waiver of the right to appeal at the underlying plea proceeding does "not encompass the sentence . . . imposed following his violation of probation" (People v Johnson, 77 AD3d 1441, 1442 [4th Dept 2010], lv denied 15 NY3d 953 [2010]; see People v Jones, 148 AD3d 1807, 1808 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; People v Rodriguez, 259 AD2d 1040, 1040 [4th Dept 1999]). Contrary to the People's contention, the preservation rule does not apply to defendant's challenge to the scope of his waiver of the right to appeal (see People v McGrew, 118 AD3d 1490, 1490 [4th Dept 2014], lv denied 23 NY3d 1065 [2014]; People v Lewis, 48 AD3d 880, 880-881 [3d Dept 2008]; People v Hoover, 37 AD3d 298, 299-300 [1st Dept 2007]).
On the merits, we agree with defendant that the sentence imposed following the revocation of his probation is unduly harsh and severe. Defendant was originally sentenced to, inter alia, 10 years' probation, and he served eight of those 10 years without incident. Defendant has no prior criminal record, was gainfully employed during his eight years on probation, and during that time attended assigned sex offender treatment programs, albeit without successful completion. Only after defendant had nearly completed his probationary term did the Probation Department allege that he was noncompliant with sex offender treatment. Under these circumstances, we are "of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose a determinate sentence" (Penal Law § 70.80 [4] [c]), and we therefore modify the judgment as a matter of discretion in the interest of justice by reducing defendant's sentence to a definite term of imprisonment of one year (see generally id.; CPL 470.15 [2] [c]; [6] [b]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court