■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. KINNER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 24, 1987, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

In July 1987, defendant was arraigned upon a six-count indictment charging him with two counts of sodomy in the first degree, three counts of sexual abuse in the first degree and one count of endangering the welfare of a child. These charges stemmed from defendant's alleged sexual contact with two of his stepdaughters, ages 8 and 11. Prior to motions in this case, defense counsel requested a competency examination pursuant to CPL article 730. The two court-appointed psychiatrists found defendant to be mentally competent to stand trial and defendant accepted those findings.

At one point during the investigation of this matter, defendant gave a written confession. A *Huntley* hearing was held thereafter and it was found that, although defendant was in custody at the time of his interrogation, the statement was nonetheless voluntarily given after defendant had been read his *Miranda* rights. Accordingly, defendant's motion to suppress the statement was denied. Subsequently, defendant pleaded guilty to one count of sodomy in the first degree in full satisfaction of the indictment. Defendant was sentenced to an indeterminate prison term of 5 to 15 years. This appeal followed.

The principal issue raised on this appeal is whether County Court was justified in refusing to suppress defendant's written confession. According to defendant, the People did not establish that probable cause existed for the custodial interrogation

of defendant at the State Police barracks following an initial interview at defendant's home. Defendant argues that the investigating officer's testimony at the suppression hearing, concerning the allegations of sexual abuse related to him by defendant's two stepdaughters, was both insufficient to establish probable cause and inadmissible hearsay.

We do not agree. Upon reading the record as a whole and applying the applicable standards, we find that ample probable cause existed and County Court was justified in refusing to suppress defendant's statement *(see, People v Bouton,* 50 NY2d 130; *People v Tucker,* 101 AD2d 601, 602). Despite defendant's contentions otherwise, hearsay evidence is admissible at a suppression hearing for the purpose of establishing material facts *(see,* CPL 710.60 [4]; *People v Coffey,* 12 NY2d 443, 452, *cert denied* 376 US 916). Additionally, for the first time on appeal, defendant raises questions as to the required intelligence and capacity of his two stepdaughters to provide reliable information to the police. Since defendant never questioned the children's capacity at the suppression hearing, which would have allowed the People an opportunity to counter his assertion *(see, People v Tutt,* 38 NY2d 1011, 1012-1013), we find no reason to consider these conclusory and unsubstantiated arguments on appeal.

Finally, defendant argues that his plea should be set aside due to, *inter alia,* his allegedly limited intellectual ability, his stay in a psychiatric hospital during the criminal proceedings and the fact that he was reportedly under the influence of a pain-killer and sedative at the time of his plea. We initially note that defendant failed to preserve the issue of the voluntariness of his plea by either moving to withdraw his guilty plea or to vacate his judgment of conviction *(see, People v Lopez,* 71 NY2d 662, 665). However, were we to exercise our discretionary power to review any alleged error in the allocution, we would nonetheless find that defendant's plea was a knowing and voluntary one. The plea minutes reveal that County Court conducted a searching and thorough inquiry of defendant and defendant's responses were coherent, detailed and wholly aware.

Judgment affirmed. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.