■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CROSHIER, Appellant. [652 NYS2d 120] —Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 17, 1995, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and assault in the first degree.

In the early morning hours of January 13, 1995, defendant had been drinking with friends at Kelly's Pub in the City of Schenectady, Schenectady County, when a verbal confronta-

tion ensued between one of defendant's companions and another bar patron. The argument escalated to the point where defendant's companion retrieved a tire iron from defendant's vehicle and began indiscriminately swinging it at Vito Masi (who had nothing to do with the original quarrel) as Masi exited the pub; an altercation then ensued between Masi and defendant's companion. Upon observing Masi run over to his vehicle and reach inside it, defendant grabbed a loaded semiautomatic assault rifle from his vehicle and began firing it. Defendant killed Masi and seriously injured another woman. Defendant and his companions then fled by car; defendant was not apprehended until three days later.

As a result of this incident, an 11-count indictment was handed up against defendant charging him with three counts of murder in the second degree, three counts of assault in the first degree, assault in the second degree, reckless endangerment in the first degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree and intimidating a witness in the third degree. Defendant pleaded guilty to one count each of murder in the second degree and assault in the first degree in satisfaction of the indictment* as well as four other uncharged crimes. Defendant entered into the plea with the express understanding that he would be sentenced to concurrent prison terms of 25 years to life on the murder conviction and $7^1/_2$ to 15 years on the assault conviction. Having been sentenced as agreed, defendant now argues that this sentence is harsh and excessive.

While acknowledging the impassioned arguments advanced by appellate counsel in support of defendant's contention that his sentence is harsh and excessive, we decline to disturb it. Defendant, who admits being nicknamed "AK" and blames most of his troubles on society in general and his disadvantaged background, aimlessly fired numerous bullets from the semiautomatic assault rifle carried in his vehicle at two people, each of whom was an unarmed bystander to his comrade's initial confrontation in the bar, and then fled. In light of the seriousness of these offenses and in view of the fact that the sentence was agreed upon, within the statutory guidelines and relieved defendant of additional jail time exposure, there has been no showing that County Court abused its discretion in imposing it, nor do we discern any extraordinary circumstances warranting a reduction in the interest of justice (*see*, CPL 470.15 [6] [b]; *see also*, *People v Hendrickson*, 227 AD2d 801; *People v Baker*, 225 AD2d 949, *lv denied* 88 NY2d 844).

---

* We note that count 11 of the indictment charging defendant with intimidating a witness in the third degree was dismissed by County Court.

Cardona, P. J., Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.