■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT R. DUPONT, Appellant. [702 NYS2d 657] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered December 22, 1998, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

On July 12, 1997, defendant, a 43-year-old male, allegedly forced a 16-year-old female (hereinafter the victim) to engage in sexual intercourse. Defendant was arrested later that day and charged with the crime of rape in the first degree. The

prosecutor filed a notice of readiness on November 11, 1997 and defendant, in turn, pleaded guilty to the crime of rape in the third degree via a superior court information. Defendant's subsequent motion to vacate the superior court information as fatally defective was granted in April 1998.

On May 29, 1998, defendant was charged in an indictment with rape in the third degree. During his arraignment on June 3, 1998, he pleaded not guilty to the charge. Since defendant's mental competency was in issue, County Court ordered defendant to undergo two psychiatric examinations pursuant to CPL article 730. Defendant was subsequently found competent to stand trial. On December 22, 1998, he pleaded guilty to rape in the third degree and was sentenced as a second felony offender to 2 to 4 years in prison.

Defendant first contends on this appeal that his guilty plea was not knowing and voluntary because, at the time he entered it, he suffered from a psychiatric condition which rendered him incapable of understanding the proceedings. Defendant maintains that in light of his psychiatric history, problems at the Broome County Jail and his insistence upon being sentenced immediately, County Court should have made further inquiry before accepting his plea. Under the CPL, an incapacitated person is defined as "a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]; *see, People v Shiffer*, 256 AD2d 818, *lv denied* 93 NY2d 878).

In this case, the physicians who conducted the court-ordered psychiatric examinations reported that defendant understood the nature of the charges against him, as well as the roles of his attorney, the Judge and jury, and was capable of working with his attorney in planning a legal strategy. As part of their evaluations, they took into consideration, *inter alia*, defendant's psychiatric history, prior hospitalizations and difficulties at the Broome County Jail. They nevertheless opined that defendant was competent to stand trial. During the plea proceedings, County Court advised defendant of the ramifications of pleading guilty and defendant responded that he understood and was not coerced or pressured into entering his plea. Under the circumstances herein, the fact that defendant requested to be sentenced at the time he entered his plea did not require County Court to further evaluate defendant's mental status. We find that defendant's guilty plea was knowing, voluntary and intelligent (*see, People v Kinner*, 147 AD2d 742, 743, *lv denied* 74 NY2d 665).

Defendant also asserts that because his attorney allowed him to plead guilty without requesting County Court to undertake a further inquiry concerning his mental status, he was deprived of the effective assistance of counsel. Inasmuch as this claim bears directly upon the voluntariness of the plea, it is properly before us (*see, People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968; *cf., People v Verrone*, 266 AD2d 16, 18); however, we find the argument unpersuasive. The record herein discloses that defense counsel vigorously represented defendant during the course of the proceedings having made an initial motion to dismiss the superior court information and a subsequent omnibus motion to dismiss the indictment on various grounds. Moreover, defense counsel appropriately raised the issue of defendant's mental competency and had County Court obtain a second psychiatric evaluation (*see, People v Medina*, 249 AD2d 694, 694-695). Notably, defendant indicated during the plea proceedings that he was satisfied with his attorney's services (*see, People v Tuper*, 256 AD2d 636, 637). Under these circumstances, we find that defendant was afforded meaningful representation.

Defendant further argues that because the sentence was based upon a second felony offender statement to which he did not knowingly and intelligent admit due to his impaired mental state, the sentence was harsh and excessive. Since we find this record insufficient to support defendant's claim of mental incompetency, we reject the argument. Given defendant's criminal history, the nature of the crime and the fact that the sentence was agreed to by defendant as part of the plea bargain, we find no reason to disturb it.

In view of defendant's knowing, voluntary and intelligent guilty plea, he has waived the right to appellate review of his claims regarding the sufficiency of the notice of the Grand Jury proceedings (*see, People v Empey*, 242 AD2d 839, *lv denied* 91 NY2d 834; *People v Gilbert*, 143 AD2d 529, 530, *lv denied* 73 NY2d 786) and his statutory right to a speedy trial (*see, People v Jarvis*, 245 AD2d 579, *lv denied* 92 NY2d 899; *People v Attansio*, 240 AD2d 877). Even if we were to address these claims, we would find that they lack merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.