■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. GREENE, Appellant. [711 NYS2d 841] —Crew III, J. P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 26, 1999, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was charged in a seven-count indictment with various crimes stemming from allegations that he shot another individual at close range during a failed robbery attempt. An initial court-ordered psychiatric examination of defendant resulted in a finding that he was not competent to stand trial. Although a subsequent evaluation revealed that defendant was competent to stand trial and had no available psychiatric de-

fenses, County Court was dissatisfied with its colloquy with defendant and directed defendant to undergo further psychiatric evaluation. Those evaluation results revealed that defendant was not competent to stand trial, prompting County Court to commit defendant to a psychiatric facility pending a future determination of competency. Defendant ultimately was found competent to stand trial, following which he pleaded guilty to assault in the first degree in full satisfaction of the indictment and was sentenced to an agreed-upon prison term of 9 to 18 years. Defendant now appeals.

We affirm. As a starting point, we reject defendant's contention that his guilty plea was not knowing, voluntary and intelligent because County Court conducted an inadequate inquiry into his mental competency to plead guilty, failed to elicit a sufficient factual recitation of the conduct charged and did not ensure that he knowingly waived a possible insanity defense. By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve his challenges to the factual sufficiency of the plea allocution (*see, People v Tuper*, 256 AD2d 636) and his knowing waiver of an insanity defense (*see, People v Hicks*, 201 AD2d 831, 832, *lv denied* 83 NY2d 911). In any event, were we to review these arguments, we would find that invalidation of the guilty plea is not warranted.

Turning to the issue of defendant's competency, the various psychiatrists who evaluated defendant during his stay at the psychiatric facility reported that defendant comprehended the charges against him, possessed a rational understanding of courtroom procedure and was competent to proceed to trial. During the plea proceedings, County Court advised defendant of the ramifications of pleading guilty, and defendant responded by indicating that he understood, that he had not been coerced into pleading guilty and that he was guilty of the conduct charged. Thus, despite defendant's history of mental illness and the prior determinations of incompetency (*see, People v Tillman*, 260 AD2d 656) we find, under the circumstances presented here, that defendant's guilty plea was knowingly, voluntarily and intelligently entered following adequate efforts by County Court to confirm that defendant was competent to proceed (*see, People v Dupont*, 268 AD2d 612, 613; *People v Millis*, 266 AD2d 581, 581-582, *lv denied* 94 NY2d 826). Finally, we reject defendant's claim that the agreed-upon sentence was harsh and excessive in view of the serious nature of the crime, the grave injuries suffered by the victim and the lack of extraordinary circumstances warranting our intervention (*see, People v Croshier*, 234 AD2d 806, 807).

Spain, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the judgment is affirmed.