■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS R. DENNIS, Appellant. [744 NYS2d 534] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 8, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In July 1999, defendant was indicted on one count of criminal possession of a controlled substance in the third degree. In March 2000, defendant entered a negotiated plea of guilty, which was accepted in full satisfaction of that indictment, as well as a second indictment charging him with two counts of criminal sale of a controlled substance in the third degree. In April 2000, defendant made a pro se motion to withdraw his guilty plea, alleging ineffective assistance of counsel and coercion by his attorney. After the appointment of new counsel, defendant's motion was denied and he was subsequently sentenced as a second felony offender to an indeterminate prison term of 4½ to 9 years. Defendant appeals.

Initially, we note that "[t]he question of whether to permit a defendant to withdraw a guilty plea rests within the sound discretion of the trial court * * * and absent a showing of abuse, that court's determination will not be disturbed" (*People v Bonilla*, 285 AD2d 746, 747). Upon our review of the record, we find that County Court did not abuse its discretion in denying defendant's motion. The transcript of the plea allocution demonstrates that the court engaged in a detailed colloquy with defendant and ascertained that he understood the ramifications of his plea and that he did, in fact, commit the crime at issue (*see, People v Dawson*, 278 AD2d 665, 667-668, *lv denied* 96 NY2d 799; *People v Gibson*, 261 AD2d 710, 711).

Defendant's contention that the plea allocution was deficient because he failed to admit knowledge of the specific location of the drugs inside the apartment is unpersuasive. Defendant acknowledged that he brought the drugs to the apartment and that he retained control over them even though he had given them to his cousin to hold. In response to questioning by County Court, defendant unequivocally admitted to the knowing possession of the drugs with the intent to sell them. Under

the circumstances presented, we find that "defendant know-ingly and voluntarily entered his plea following a sufficient inquiry by County Court, during which time defendant admitted his guilt to the requisite elements of the crime[ ] charged" (*People v Dove*, 236 AD2d 644, 644; *see*, Penal Law § 220.16 [1]).

Similarly, we find defendant's contentions regarding the inef-fective assistance of counsel to be without merit, as the record establishes that defendant was afforded meaningful represen-tation (*see*, *People v Baldi*, 54 NY2d 137, 147). Defendant's at-torney made appropriate motions and successfully negotiated a very favorable plea, resulting in the dismissal of the companion indictment and the imposition of the minimum possible sentence on the possession charge (*see*, *People v Ford*, 86 NY2d 397, 404; *People v Gibson*, 261 AD2d 710, 711; *People v Crippa*, 245 AD2d 811, 812, *lv denied* 92 NY2d 850). Furthermore, defense counsel's failure to notify the People that defendant wished to testify before the grand jury does not, by itself, amount to ineffective assistance of counsel (*see*, *People v Wig-gins*, 89 NY2d 872, 873; *People v Mejias*, 293 AD2d 819, 820). We find defendant's conclusory allegation that this failure "may have impacted [his] ability to present a viable defense" to be insufficient to support an ineffective assistance of counsel claim (*see*, *People v Galleria*, 264 AD2d 899, 900, *lv denied* 94 NY2d 880). Accordingly, we affirm.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.