■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant. [748 NYS2d 705] —Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 4, 2002, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

While awaiting sentencing on five felony convictions, defendant left the Chemung County Jail and was subsequently charged with the crime of escape in the first degree. Thereafter, he pleaded guilty to the charge and was sentenced as a second felony offender to a prison term of 2½ to 5 years to run consecutive to the sentences he was then serving. Defendant's sole contention on appeal is that his guilty plea was insufficient because he indicated during the plea colloquy that he was allowed to leave the jail with the permission of an officer which should have alerted County Court of a possible defense to the charge and required it to make a further inquiry before accepting the plea. Initially, we note that this claim is not preserved for our review inasmuch as defendant did not move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Mejias*, 293 AD2d 819, 819, *lv denied* 98 NY2d 699; *People v Greene*, 274 AD2d 842, 843, *lv denied* 95 NY2d 963). Nevertheless, were we to consider it, we would find it to be without merit. During his allocution, defendant admitted that he knowingly left the jail without permission while awaiting sentencing. He described the manner in which he left, stating "I had prearranged an agreement with somebody, and that person was paid, and I escaped, knowing that I wasn't

supposed to leave [and] I paid that person and I left." When County Court specifically asked defendant if he was claiming that someone in lawful authority let him out, defendant gave a negative response. Since we find that defendant's factual recitation did not cast significant doubt upon his guilt, County Court was under no obligation to make further inquiry prior to accepting defendant's plea (*see People v Jaworski*, 296 AD2d 597, 598; *People v Doolittle*, 231 AD2d 586, *lv denied* 89 NY2d 921).

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.