■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH KAGONYERA, Appellant. [803 NYS2d 807]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 22, 2004 in Albany County, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant was charged in a one-count indictment with grand larceny in the fourth degree based upon his collection of unemployment insurance benefits to which he was not entitled. Prior to trial, Supreme Court conducted a mental competency hearing pursuant to CPL 730.30 and determined that defendant was competent to stand trial. After commencement of the trial,

defendant pleaded guilty to the indictment with Supreme Court agreeing to impose a sentence of no more than 90 days in jail and five years of probation. Prior to sentencing, defendant made a motion to withdraw his guilty plea, claiming that his plea was not knowingly, voluntarily and intelligently made. After conducting a hearing, Supreme Court denied the motion and imposed a sentence of five years of probation. Defendant now appeals.

Defendant contends that his guilty plea was not knowing, voluntary and intelligent because, at the time he entered the plea, he was mentally incompetent due to certain medical conditions. However, the transcript of the plea belies defendant's contention. During the plea colloquy defendant stated that he understood the proceedings and the charge against him, had discussed his case with his attorney and was entering the plea voluntarily. Supreme Court advised defendant of the rights he was relinquishing by pleading guilty and defendant indicated that he understood and wished to proceed (*see People v Greene*, 274 AD2d 842, 843 [2000], *lv denied* 95 NY2d 963 [2000]; *People v Dupont*, 268 AD2d 612, 613 [2000], *lv denied* 95 NY2d 834 [2000]). Notably, when defendant did express some reservations about pleading guilty, the court made further inquiry as to the voluntariness of his decision, giving defendant an opportunity to further discuss the matter with his attorney and reminding him that he could proceed with the trial (*compare People v Moore*, 244 AD2d 706, 707 [1997]). In light of the foregoing, Supreme Court providently exercised its discretion in denying defendant's motion to withdraw his plea (*see People v Alexander*, 97 NY2d 482, 485 [2002]; *People v Dennis*, 295 AD2d 755, 755 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Ort*, 286 AD2d 827, 827 [2001], *lv denied* 97 NY2d 657 [2001]).

Finally, the record does not provide any basis for defendant's claim that he was denied the effective assistance of counsel. Counsel made appropriate pretrial motions and was able to negotiate a favorable plea which limited defendant's exposure to jail time, even after the commencement of trial. Moreover, defendant stated that he was satisfied with his counsel's representation. Under these circumstances, defendant received meaningful representation (*see People v Lahon*, 17 AD3d 778, 779-780 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Lewis*, 13 AD3d 810, 811 [2004]; *People v Dennis, supra* at 756; *People v Dupont, supra* at 614).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.