■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. BRONSON, Appellant. [813 NYS2d 260]—

Rose, J. Appeal from a judgment of the County Court of

Schenectady County (Eidens, J.), rendered October 4, 2000, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and criminal sale of a controlled substance in the third degree.

Defendant was charged in a seven-count indictment with various crimes, including murder in the first degree, arising from a robbery during which defendant repeatedly slashed and stabbed the victim, causing his death. During the extensive plea negotiations that followed, defendant sought to avoid the death penalty or life imprisonment without the possibility of parole, and the People sought an overall sentence greater than 25 years to life. Just before expiration of the 120-day statutory period within which the People could file notice of intent to seek the death penalty (*see* CPL 250.40 [2]), the parties agreed that a felony complaint would be filed charging defendant with criminal sale of a controlled substance in the third degree arising from a separate incident which had occurred later on the same date as the murder, defendant would be prosecuted on the new charge by means of a superior court information (hereinafter SCI) and he would plead guilty to one count of murder in the second degree and the criminal sale charge. In exchange, it was agreed that defendant would be sentenced as a second felony offender to consecutive prison terms of 10 to 20 years on the criminal sale charge and 25 years to life on the murder charge, for an aggregate sentence of 35 years to life. Defendant ultimately entered those guilty pleas, executed a written waiver of his right to appeal and was sentenced according to the plea agreement. Defendant now appeals, and we affirm.

Initially, we find that many of defendant's contentions are precluded because he waived the right to appeal and his challenge to the validity of that waiver is not preserved (*see People v Kirkland,* 2 AD3d 1063, 1063 [2003]). Even if we were to consider the validity of the waiver, we would find that defendant voluntarily, knowingly and intelligently relinquished his right to appeal. The written waiver explained that defendant was giving up the right to an appeal which he otherwise would have after pleading guilty, he responded in the affirmative when County Court asked if he was voluntarily waiving his right to appeal and the court confirmed that his counsel had fully reviewed the written waiver with him and advised him of its consequences (*see People v Lopez,* 6 NY3d 248, 255-256 [2006]; *People v Muniz,* 91 NY2d 570, 575 [1998]; *People v Passino,* 25 AD3d 817, 818 [2006], *lv denied* 6 NY3d 816 [2006]). As a result, his attempt to now challenge the sufficiency of the accusatory instrument, the supporting evidence and the procedure em-

ployed are not properly before us (*see People v Gibson,* 21 AD3d 577, 578 [2005]). In any event, the procedure was not misused, as "the SCI simply made possible a longer minimum sentence than that available for the [second degree murder] charge. The same result could have been accomplished, but at additional time and expense, through a superseding indictment" (*People v D'Amico,* 76 NY2d 877, 880 [1990]).

Nor are we persuaded by defendant's argument that the prosecutor and defense counsel impermissibly used the added charge of criminal sale of a controlled substance to exceed the prescribed term of imprisonment for murder in the second degree (*see* Penal Law § 70.00 [3] [a] [i]). The criminal sale charge was based on conduct alluded to in defendant's statement to police and admitted in his plea allocution. This conduct was entirely separate and distinct from the robbery and murder of the victim, and occurred after he used the victim's money to buy cocaine. Further, the record shows that defendant validly waived indictment (*see People v Hunt,* 5 AD3d 1021, 1022 [2004]; *cf. People v Casdia,* 78 NY2d 1024, 1026 [1991]) and knowingly agreed to plead guilty to the SCI in order to obtain a favorable plea bargain. Accordingly, the sentences imposed were properly made consecutive to each other (*see People v Bryant,* 92 NY2d 216, 231 [1998]; *People v Kownack,* 20 AD3d 681, 682 [2005]).

Next, we find that defendant's challenge to the voluntariness of his plea, while not encompassed by the waiver of the right to appeal, is also unpreserved (*see People v Santalucia,* 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856 [2005]). Nonetheless, were we to review the plea in the interest of justice, we would conclude that it was freely and knowingly made. County Court carefully and thoroughly apprised defendant of the terms and consequences of the plea agreement, defendant indicated that he fully understood the bargain he had entered into and his answers to the court's questions established the elements of the crimes to which he pleaded guilty. Under such circumstances, we discern no basis upon which to set aside the plea (*see People v Davis,* 4 AD3d 567, 568 [2004], *lv denied* 2 NY3d 798 [2004]).

Finally, we reject as meritless defendant's argument that the guilty plea was the result of ineffective assistance of counsel (*see People v Scott,* 12 AD3d 716, 717-718 [2004]). We note that his challenge to the severity of the agreed-upon sentence was encompassed by his valid waiver of his right to appeal (*see People v Lopez, supra* at 255), and a review of his remaining contentions reveals them to be equally unavailing.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.