■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FLUDD, Appellant. [822 NYS2d 821]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 1, 2004, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a con-

trolled substance in the third degree (a class C felony) in satisfaction of an indictment charging him with three class B felonies for allegedly possessing and selling cocaine. As part of the negotiated plea bargain, he executed a written waiver of his right to appeal and he received a sentence, as a second felony offender, of 5 to 10 years in prison. Defendant appeals.

We affirm. Defendant's argument that his waiver of appeal was the product of coercion was not properly preserved for review inasmuch as he did not move to withdraw his guilty plea or vacate the judgment of conviction (*see People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *People v Holland*, 270 AD2d 718, 718 [2000], *lv denied* 95 NY2d 798 [2000]). Even if we were to consider the argument, we would find it unpersuasive since the record reveals that defendant executed a detailed written waiver acknowledging his right to appeal, relating that he had discussed his appellate options with his attorney and stating that he was waiving his right to appeal voluntarily (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Bronson*, 28 AD3d 936, 937 [2006]). While defendant expressed disappointment with his attorney, there was no showing of ineffectiveness (*see generally People v McDonald*, 1 NY3d 109, 113-114 [2003]) and no factual basis upon which to conclude that he was coerced to take the plea because of less than adequate representation by counsel. Indeed, counsel was able to negotiate a favorable deal in a case where defendant faced a potential life sentence if convicted.

We decline to address the remaining contentions in light of the effective appeal waiver.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.