■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY BETH EDWARDS, Appellant. [828 NYS2d 708]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 15, 2005, convicting defendant upon her plea of guilty of the crime of robbery in the second degree.

In accordance with a negotiated plea agreement, defendant executed a written waiver of indictment, which also included a waiver of the right to appeal, pleaded guilty to robbery in the second degree and was sentenced to four years in prison, with five years of postrelease supervision. Defendant now appeals.

Initially, we agree with defendant that her waiver of her right to appeal was invalid. During the plea colloquy, County Court informed defendant of the various rights she forfeited as a result of pleading guilty and then stated, "This case also includes a waiver of appeal," explaining only that defendant would not be able to appeal her conviction or sentence to any court as a result. County Court's statement in this regard was not adequate to ensure that defendant understood that her right to appeal was separate and distinct from the rights she automatically forfeited upon pleading guilty (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]; *People v Cain*, 29 AD3d 1157 [2006]). Nor is the written waiver sufficient as it states only that defendant voluntarily waived her right to appeal and there is no indication that defendant was informed by her counsel of the consequences of doing so (*compare People v Fludd*, 33 AD3d 1124, 1125 [2006]; *People v Bronson*, 28 AD3d 936, 937 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Passino*, 25 AD3d 817, 817-818 [2006], *lv denied* 6 NY3d 816 [2006]).

Having determined that defendant's waiver of her right to appeal was not valid, we nonetheless reject defendant's contention that the agreed-upon sentence is harsh and excessive. The sentence imposed is only six months more than the statutorily permissible minimum sentence for the crime of robbery in the second degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]; [3] [b]). Defendant's youth and lack of criminal history *do not* mitigate the vicious nature of the crime committed, which involved defendant and two others violently attacking an elderly man and forcibly stealing money from him. Thus, we find no abuse of the sentencing court's discretion or the existence of

extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Arnold*, 32 AD3d 1051 [2006]; *People v Fernandez*, 30 AD3d 626, 627 [2006]).

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.