THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SULLIVAN, Appellant. [829 NYS2d 761]—

Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 16, 2006, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant pleaded guilty to manslaughter in the first degree in satisfaction of an indictment charging him with two counts of murder in the second degree, two counts of robbery in the first degree and criminal possession of a weapon in the fourth degree. This plea took place before any decision had been rendered on a motion to suppress his confession to police wherein he admitted that he stabbed a man in the neck inside a hotel room and then disposed of his body in a field. While no agreement was reached with respect to sentence, defendant was fully aware that the People would be seeking the maximum sentence and that County Court would be guided by, among other things, the presentence report. As part of the negotiated plea bargain, defendant waived his right to appeal. Sentenced to 25 years in prison, defendant now appeals. We affirm.

As a threshold matter, defendant's challenge to the validity of his waiver of appeal on the ground that County Court failed to sufficiently explain the right relinquished by such waiver is unpreserved for this Court's review because he never raised this precise issue in a motion to withdraw his plea or to vacate the judgment of conviction (*see People v Crowley*, 34 AD3d 866 [2006], *lv denied* 7 NY3d 924 [2006]; *People v Campbell*, 29 AD3d 1083, 1083-1084 [2006], *lv denied* 7 NY3d 786 [2006];

*People v Powers*, 302 AD2d 685 [2003]).* In any event, even assuming an invalid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]), none of the issues raised warrants a reversal. First, because defendant pleaded guilty before a decision was rendered on his suppression motion, he has forfeited all claims relating to that pending motion, including the claim that his confession was the product of an improper warrantless arrest (*see People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Adams*, 31 AD3d 1063, 1064 [2006], *lv denied* 7 NY3d 845 [2006]; *People v Atwood*, 9 AD3d 512, 513 [2004]; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]). Moreover, in light of the brutal nature of the attack and defendant's failure to take responsibility or show remorse for his actions following his guilty plea, we are unpersuaded that the sentence imposed is harsh or excessive.

Defendant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

* Certain pro se arguments raised suffer from the same infirmity. By failing to move to withdraw his guilty plea or vacate the judgment of conviction on the ground that his plea was involuntary or that he received ineffective assistance of counsel, such issues are unpreserved for review (*see e.g. People v Campbell, supra*; *People v Turner*, 27 AD3d 962 [2006]; *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]; *People v Donaldson*, 1 AD3d 800, 800-801 [2003], *lv denied* 2 NY3d 739 [2004]). In any event, were we to address these arguments, we would find them unavailing.