■ The People of the State of New York, Respondent, v Rahssan J. Smith, Appellant. [829 NYS2d 755]—Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 7, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

In satisfaction of a four-count indictment, defendant waived his right to appeal and pleaded guilty to criminal possession of a weapon in the third degree with the understanding that the sentence imposed would not exceed seven years in prison, with a three-year period of postrelease supervision. It was further discussed that the sentence could be less depending on defendant's cooperation on an unrelated matter. Defendant was sentenced to 6 1/2 years in prison, followed by three years of postrelease supervision.

Initially, although defendant's contention that he did not enter a knowing and voluntary plea survives his waiver of appeal, it is nevertheless unpreserved for our review insofar as he

---

did not move to withdraw his plea or vacate the judgment of conviction (*see People v Smith*, 34 AD3d 1127, 1127 [2006]). Furthermore, to the extent that defendant indicates that his plea was factually insufficient, such is foreclosed by the waiver of the right to appeal (*see People v Bagley*, 34 AD3d 992, 992 [2006]). In any event, were we to consider defendant's contention, we would find that the terms of the plea agreement were sufficiently set forth on the record and defendant entered a knowing, voluntary and intelligent plea of guilty (*see People v Tatro*, 8 AD3d 823, 824 [2004], *lv denied* 3 NY3d 682 [2004]).

Finally, in light of defendant's waiver of the right to appeal, he is precluded from challenging the sentence imposed as harsh and excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Talback*, 32 AD3d 559, 560 [2006], *lv denied* 7 NY3d 870 [2006]). Were we to consider this issue, we would find no reason to disturb the sentence imposed.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.