■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE N. SAWYER, Appellant. [839 NYS2d 563]—Cardona, P.J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered December 20, 2005, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of

a controlled substance in the fifth degree and criminal possession of a weapon in the fourth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the fourth degree in satisfaction of four indictments charging him with 31 counts of various drug and weapon-related crimes. Defendant waived his right to appeal and was sentenced to concurrent prison terms, the maximum of which was 4 to 12 years on the criminal sale conviction. Defendant appeals arguing that he did not validly waive his right to appeal and that the sentence imposed is harsh and excessive.

Initially, inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, defendant's challenge to the validity of his waiver of appeal rights is unpreserved for this Court's review (*see People v Sullivan*, 37 AD3d 974 [2007]; *People v Crowley*, 34 AD3d 866 [2006], *lv denied* 7 NY3d 924 [2006]). In any event, were we to consider the issue, we would find that the record demonstrates County Court adequately explained that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" and defendant knowingly, voluntarily and intelligently waived his right to appeal (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Morgan*, 39 AD3d 889, 889 [2007]). Given defendant's waiver of the right to appeal, his contention that the sentence imposed is harsh and excessive is foreclosed (*see People v Smith*, 37 AD3d 975 [2007]; *People v Marone*, 36 AD3d 956 [2007]).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.