■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RAMIREZ, Appellant. [839 NYS2d 327]—

Mercure, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 19, 2006, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in an indictment with one count each of burglary in the second degree and grand larceny in the third degree after he entered a residence in the Village of Liberty, Sullivan County, and took jewelry and compact discs. He pleaded guilty to burglary in the second degree in full satisfaction of the indictment, waiving his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon prison term of 10 years to be followed by a five-year period of postrelease supervision.

Initially, we reject defendant's argument that his waiver of appeal is invalid because County Court failed to adequately distinguish the right to appeal from those rights that are automatically forfeited by virtue of a guilty plea. While the court improperly "lump[ed] that right into the panoply of trial rights automatically forfeited upon pleading guilty" during the plea colloquy (*People v Lopez*, 6 NY3d 248, 257 [2006]), defendant executed a detailed written waiver explaining the appellate process, acknowledging that he had been advised of his right to

appeal by defense counsel, and confirming that counsel had fully informed him of the consequences of the waiver. Under these circumstances, we find the waiver of the right to appeal to be valid (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Fludd*, 33 AD3d 1124, 1125 [2006]; *see also People v Bronson*, 28 AD3d 936, 937 [2006], *lv denied* 7 NY3d 846 [2006]; *cf. People v Edwards*, 37 AD3d 871, 872 [2007], *lv denied* 8 NY3d 945 [2007]; *People v Evans*, 27 AD3d 905, 905-906 [2006], *lv denied* 6 NY3d 847 [2006]). Nevertheless, certain issues survive a valid appeal waiver, including defendant's contention that the plea itself was not knowingly and voluntarily entered (*see People v Lopez, supra* at 255; *People v Seaberg*, 74 NY2d 1, 9-10 [1989]; *People v Smith*, 37 AD3d 975, 975 [2007]; *People v Missimer*, 32 AD3d 1114, 1114 [2006], *lv denied* 7 NY3d 927 [2006]). Although defendant did not move to withdraw his plea or to vacate the judgment of conviction and, thus, failed to preserve his arguments in this regard for our review (*see e.g. People v Lewis*, 39 AD3d 1025, 1025-1026 [2007]; *People v Smith, supra* at 975-976), we conclude that the narrow exception to the preservation requirement is applicable inasmuch as "defendant's recitation of the facts underlying the crime . . . clearly cast[ ] significant doubt upon [his] guilt [and] . . . call[ed] into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Ocasio*, 265 AD2d 675, 676-677 [1999]).

As relevant here, "[a] person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with [the] intent to commit a crime therein, and when . . . [t]he building is a dwelling" (Penal Law § 140.25 [2]). When burglary is predicated on an unlawful entry, a defendant must have had the intent to commit a crime other than criminal trespass at the time of entry (*see People v Gaines*, 74 NY2d 358, 363 [1989]; *see also People v Lewis*, 5 NY3d 546, 551-553 [2005]). While intent "may be inferred from the circumstances of the entry" (*People v Gaines, supra* at 362 n 1), defendant insisted during the plea colloquy, albeit in a confused and rambling manner, that he had permission to enter the residence through an open door and retrieve the items that he took. These statements explaining defendant's presence in the house effectively negated his admission to the elements of knowingly entering unlawfully and intent to commit a crime therein at the time of entry (*see* Penal Law § 140.25 [2]), triggering a duty on the part of County Court to "inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*People v Lopez*, 71 NY2d 662, 666 [1988], *supra*).

Indeed, the People noted that defendant failed to "allocute to

criminal intent within the home" and indicated their unwillingness to "accept [the] allocution without the defendant admitting criminal intent and larceny." The entirety of County Court's inquiry in response to the People's concern is set forth as follows:

"THE COURT: Were you in that house, did you intend to steal something from that house?

"THE DEFENDANT: No. Yes.

"THE COURT: Yes. That is what you said?

"THE DEFENDANT: Yeah."

In our view, this inquiry was not sufficient to establish either that defendant acted with the requisite mental culpability to commit burglary—i.e., that his entry into the residence was knowingly unlawful and that he had the intent *at the time of entry* to commit a crime therein—or that his plea was knowing and voluntary. "While there is no 'mandatory catechism' to fulfill the trial court's duty of 'further inquiry' . . . , at a minimum the record of the subsequent plea proceedings must reflect that defendant's expressed misapprehension of the nature of the charges was corrected or explained, or that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt" (*People v Ocasio, supra* at 677-678 [citations omitted]). Inasmuch as there is no indication in the record that defendant's misapprehension of the charges was corrected or that the plea was voluntary and rational, his plea must be vacated and the matter remitted to County Court (*see People v Lopez*, 71 NY2d 662, 666 [1988], *supra*; *People v Pagan*, 36 AD3d 1163, 1164-1165 [2007]; *People v Wolcott*, 27 AD3d 774, 775-776 [2006]; *People v Makas*, 273 AD2d 510, 511-512 [2000]; *People v Ocasio, supra* at 676-678; *cf. People v Guthinger*, 36 AD3d 1075, 1075-1076 [2007], *lv denied* 8 NY3d 923 [2007]).

Finally, while our conclusion that reversal is required by a fundamental defect in the plea itself makes it unnecessary to consider defendant's contentions regarding his lack of mental capacity and the harshness of his sentence (*see People v Makas, supra* at 511), we note that the record contains troubling evidence regarding his competency—developed after defendant entered his plea—that may further call into question his ability to enter a knowing and voluntary plea (*see generally People v D'Adamo*, 281 AD2d 751, 752-753 [2001]).

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.