■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD LEWIS, Also Known as FLO, Appellant. [851 NYS2d 295]—

Kane, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 10, 2006, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree.

In satisfaction of two separate indictments containing a total of six counts, defendant pleaded guilty to three crimes. In exchange for this plea, he waived his right to appeal and received an aggregate prison sentence of nine years with three years of postrelease supervision, which was imposed concurrently with his sentence on a separate charge for violating probation. Defendant appeals.

The People first contend that defendant failed to preserve his challenge to the validity of his waiver of appeal, inasmuch as he did not move to withdraw his plea or vacate his judgment of conviction. While we have previously recited that preservation of this issue is required (*see e.g. People v Sawyer*, 41 AD3d 1089, 1090 [2007], *lv denied* 9 NY3d 926 [2007]; *People v Sullivan*, 37 AD3d 974, 974 [2007], *lv denied* 8 NY3d 991 [2007]; *People v Crowley*, 34 AD3d 866, 866 [2006], *lv denied* 7 NY3d 924 [2006]), we hereby announce that we will no longer follow that line of cases.

This Court recently allowed a defendant to challenge his appeal waiver without also moving to withdraw his guilty plea (*see People v Romano*, 45 AD3d 910, 910-911 [2007]; *see also People v Hoover*, 37 AD3d 298, 299 [2007]). We now hold that a defendant need not move to vacate the judgment of conviction in order to preserve the argument that the waiver, as manifested on the record, was deficient. As the Court of Appeals has noted, where an error or omission is clear from the face of the record, a CPL article 440 motion is not appropriate (*see People v Louree,*

8 NY3d 541, 546 [2007]). Since an appeal waiver is deemed valid only if *"the record* demonstrates that it was made knowingly, intelligently and voluntarily" (*People v Lopez*, 6 NY3d 248, 256 [2006] [emphasis added]), it follows that an article 440 motion is not necessary or appropriate to preserve a facial attack on the waiver.

The record here demonstrates that defendant knowingly and voluntarily executed his waiver of appeal. County Court's admonitions, together with the written waiver in the record, sufficiently informed defendant of his rights (*see People v Ramirez*, 42 AD3d 671, 671 [2007]). Defendant executed a written waiver of appeal in open court which acknowledged that he was waiving his right to appeal in consideration of the favorable plea and sentencing agreement. The waiver further explained the appellate process, acknowledged that defense counsel advised defendant of his rights and confirmed that counsel fully informed him of the consequences of waiving the right to appeal (*see id.* at 671-672). Under the circumstances, defendant's waiver of appeal was valid (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Ramirez*, 42 AD3d at 671-672; *People v Cross*, 42 AD3d 586, 587 [2007]; *People v Fludd*, 33 AD3d 1124, 1125 [2006], *lv denied* 9 NY3d 843 [2007]).

Defendant contends that his plea was threatened or coerced, rendering it involuntary. While a challenge to the voluntariness of the plea survives a waiver of appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), the record does not support that argument here. Defendant's remaining arguments are precluded by his valid waiver of appeal.

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.