THIRD DEPARTMENT, OCTOBER, 2009

(October 1, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY MCKENZIE, Appellant. [887 NYS2d 685]—

Stein, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 22, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal sale of a controlled substance in the third degree. Pursuant to the plea agreement, defendant waived his right to appeal and was sentenced as a second felony offender to a term of imprisonment of $4^{1}/_{2}$ years, to be followed by two years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contention that his waiver of the right to appeal was invalid, due to County Court's failure during allocution to distinguish the right to appeal from the rights forfeited by his guilty plea, is unpersuasive; defendant, through his counseled written waiver, acknowledged his right to appeal, that he had discussed the waiver of that right and its consequences with counsel, and that he was waiving the right voluntarily (*see*

*People v Ramirez,* 42 AD3d 671, 671-672 [2007]; *see also People v Ramos,* 7 NY3d 737, 738 [2006]; *People v Gilmour,* 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]; *People v Robles,* 53 AD3d 686, 687 [2008], *lv denied* 11 NY3d 794 [2008]; *People v Getter,* 52 AD3d 1117, 1118 [2008]; *People v Cross,* 42 AD3d 586, 587 [2007], *lv denied* 9 NY3d 960 [2007]). Defendant also contends that his plea was not entered voluntarily. While this issue survives his waiver of the right to appeal, it is not preserved for our review insofar as defendant failed to move to withdraw his plea or vacate his judgment of conviction (*see People v Dixon,* 62 AD3d 1214, 1214 [2009]; *People v Nunez,* 56 AD3d 897, 898 [2008], *lv denied* 11 NY3d 928 [2009]). Moreover, "the narrow exception to the preservation rule is inapplicable inasmuch as defendant did not make any statements during his plea allocution which negated an essential element of the crime or otherwise cast significant doubt on his guilt" (*People v Wright,* 40 AD3d 1314, 1314 [2007]; *see People v Cintron,* 62 AD3d 1157, 1158 [2009]).

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.