■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISABELINO DIAZ, Appellant. [899 NYS2d 441]—

Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 17, 2009, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree.

In April 2008, defendant shot his 16-year-old stepdaughter multiple times, striking her in the head and once in the hand that she had raised in an attempt to protect herself. As a result of the incident, defendant was charged by indictment with attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the first degree and two counts of criminal possession of a weapon in the second degree. After undergoing two court-ordered psychiatric examinations confirming his competency to stand trial, defendant pleaded guilty to attempted murder in the second degree in full satisfaction of the indictment, waived his right to appeal and was sentenced, pursuant to the negotiated plea agreement, to 20 years in prison followed by five years of postrelease supervision. Defendant appeals.

Defendant asserts that the record fails to demonstrate a knowing, voluntary and intelligent waiver of his right to appeal. We disagree. Defendant, assisted by counsel, executed a detailed written appeal waiver during his plea colloquy. The written waiver reflects defendant's understanding that the waiver of his right to appeal is separate and distinct from the rights he relinquished by pleading guilty, indicates that defendant was provided a full opportunity to discuss the waiver and its consequences with his attorney, and confirms that defendant was waiving the right voluntarily (see People v McKenzie, 66 AD3d 1056, 1056 [2009]; People v Ramirez, 42 AD3d 671, 671-672 [2007]). Moreover, in addition to addressing on the record the ramifications of waiving the right to appeal, County Court ensured that defendant had all the time he needed to discuss the matter with counsel prior to executing the written waiver. After defendant had done so, County Court inquired whether defendant had any remaining questions for his attorney regarding the appellate rights he was forfeiting. Defendant responded "no." Under such circumstances, the appeal waiver is valid (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Campbell, 67 AD3d 1125, 1125 [2009], lv denied 14 NY3d 770 [2010]; People v Gilmour, 61 AD3d 1122, 1123 [2009], lv denied 12 NY3d 925 [2009]; People v Getter, 52 AD3d 1117, 1118 [2008]).

Defendant's challenges to the voluntariness of his plea and the factual sufficiency of the plea allocution—premised on County Court's purported failure to ensure he knowingly waived a possible insanity defense—are not preserved given his failure to move to withdraw the plea or vacate the judgment of conviction (see People v Greene, 274 AD2d 842, 843 [2000], lv denied 95 NY2d 963 [2000]; People v Hicks, 201 AD2d 831, 832 [1994], lv denied 83 NY2d 911 [1994]). Defendant's argument regarding the sufficiency of his plea allocution is likewise precluded by his valid waiver of appeal, as specifically set forth in the written waiver (see People v Stokely, 49 AD3d 966, 968 [2008]; People v Ramirez, 45 AD3d 1108, 1108 [2007]; People v Mosher, 45 AD3d 970, 971 [2007], lv denied 10 NY3d 814 [2008]). In any event, we would find defendant's guilty plea to be knowing, voluntary and intelligent (see People v Greene, 274 AD2d at 843; People v Dupont, 268 AD2d 612, 613 [2000], lv denied 95 NY2d 834 [2000]; People v Millis, 266 AD2d 581, 581-582 [1999], lv denied 94 NY2d 826 [1999]).

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.