Mercure, J.E
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 24, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Following his participation in a gunfight in which two bystanders were shot, defendant pleaded guilty to one count of attempted criminal possession of a weapon in the second degree. *752 County Court thereafter sentenced defendant, as agreed, to a prison term of five years to be followed by five years of post-release supervision. During the plea colloquy, defendant signed a waiver of the right to appeal in open court after counsel indicated that he had reviewed the waiver with defendant and signed it as well. In addition, we note that County Court, in explaining the terms of the plea agreement to defendant, indicated that he “would have to waive or give up [his] right to appeal, but in return, all other charges would be satisfied. Do you understand?” In response, defendant questioned only the details of the length of his sentence.
Although County Court improperly failed to distinguish the right to appeal from the rights that defendant forfeited upon pleading guilty, we note that defendant’s detailed written waiver of the right to appeal explained the nature of the right and the appellate process, contained an acknowledgment that,he had discussed the right and the consequences of waiving it with counsel, and stated that he was waiving the right voluntarily. Given defendant’s thorough written waiver, the court’s inquiry of defendant—albeit minimal—coupled with counsel’s assurances that he had reviewed the written waiver with defendant and the execution of the written waiver in open court were adequate to demonstrate both that there was “some judicial examination of the waiver itself with a manifestation expressed on the record” (People v Calvi, 89 NY2d 868, 871 [1996]) and that “defendant’s waiver of the right to appeal reflected] a knowing and voluntary choice” (People v Callahan, 80 NY2d 273, 280 [1992]; see People v Johnson, 14 NY3d 483, 486 n [2010]; People v Muniz, 91 NY2d 570, 575 [1998]).* Accordingly, defendant’s argument that his sentence is harsh and excessive, which is his *753 sole claim on this appeal, is barred by his valid waiver of the right to appeal (see People v Ramos, 7 NY3d 737, 738 [2006]; People v McKenzie, 66 AD3d 1056, 1056 [2009]; People v Robles, 53 AD3d 686, 687-688 [2008], lv denied 11 NY3d 794 [2008]; People v Lewis, 48 AD3d 880, 881 [2008]; People v Romano, 45 AD3d 910, 914-916 [2007], lv denied 10 NY3d 770 [2008]; cf. People v Callahan, 80 NY2d at 283).
Peters and Kavanagh, JJ., concur.

 Despite repeated opportunities, the Court of Appeals has not offered specific guidance on what must be discussed during a plea colloquy when defendant has executed a written waiver. This refusal to specify what must be stated during plea colloquies is consistent with the Court’s long-standing instruction that “there is no requirement for a uniform mandatory catechism of pleading defendants” (People v Fiumefreddo, 82 NY2d 536, 543 [1993] [internal quotation marks and citations omitted]; see People v Seeber, 4 NY3d 780, 781 [2005]). Therefore, we decline to adopt the standard set forth in the concurrence for determining whether a plea colloquy accompanying a written waiver of the right to appeal is adequate. We are in agreement, however, that the best practice for County Court to follow would have been not only to witness defendant review and execute a detailed written waiver in open court, but also to “explain[ ] the significance of the appeal waiver and . . . confirm] ] that [defendant] had discussed the matter with his attorney and that he understood the consequences of the waiver” during the plea colloquy (People v Mosher, 45 AD3d 970, 970 [2007], lv denied 10 NY3d 814 [2008]; see People v Diaz, 72 AD3d 1349, 1350 [2010]; People v Stokely, 49 AD3d 966, 967-968 [2008]).