■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALAN PENDELTON, Appellant. [916 NYS2d 297]—

Egan Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered November 25, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In full satisfaction of a 14-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived his right to appeal. County Court thereafter sentenced defendant to 10 years in prison, to be followed by five years of postrelease supervision, with the sentence to run concurrently with the sentence imposed on an unrelated charge. Defendant now appeals and we affirm.

Initially, we are unpersuaded by defendant's contention that his waiver of the right to appeal was invalid. The record reflects that County Court fully informed defendant regarding the waiver, including that the right to appeal is separate and distinct from the rights forfeited by a guilty plea (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]). Defendant also executed a detailed written waiver in open court, assisted by counsel, which described the ramifications of the waiver and acknowledged that defendant was knowingly and voluntarily

waiving his right to appeal after being given sufficient time to discuss its consequences with counsel (*see People v Thomas*, 71 AD3d 1231, 1231 [2010], *lv denied* 14 NY3d 893 [2010]; *People v Gilmour*, 61 AD3d 1122, 1123 [2009], *lv denied* 12 NY3d 925 [2009]). Under these circumstances, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Diaz*, 72 AD3d 1349, 1350 [2010], *lv denied* 15 NY3d 773 [2010]; *People v Thomas*, 71 AD3d at 1231).

Defendant's contention that his plea was not voluntarily entered due to being pressured into entering a plea survives his waiver of the right to appeal, but is unpreserved for our review in light of his failure to move to withdraw his plea or vacate his judgment of conviction (*see People v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]). Nor did defendant make any statements during the allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt in order to trigger the exception to the preservation requirement (*see People v McKenzie*, 66 AD3d 1056, 1057 [2009]; *People v Dixon*, 62 AD3d 1214, 1214 [2009], *lv denied* 13 NY3d 743 [2009]).

Defendant also claims that his plea was not voluntarily entered due to the fact that he was unaware that his sentence would include a five-year period of postrelease supervision. While this claim does not have to be preserved by a postallocution motion (*see People v Boyd*, 12 NY3d 390, 393 [2009]; *People v Louree*, 8 NY3d 541, 545 [2007]), inasmuch as the record reveals that defendant was informed by County Court during the allocution that, as part of the plea agreement, he would be sentenced to a period of postrelease supervision and advised that the potential duration of the postrelease supervision would be between $2^{1}/_{2}$ to 5 years, his claim that his plea was involuntary entered on this basis is without merit (*see People v Cullen*, 62 AD3d 1155, 1156-1157 [2009], *lv denied* 13 NY3d 795 [2009]; *cf. People v Grimm*, 69 AD3d 1231, 1232 [2010], *lv granted* 14 NY3d 888 [2010]).

Similarly, defendant's assertion that he was denied the effective assistance of counsel, while not barred by his waiver of the right to appeal as it relates to the voluntariness of his plea, is unpreserved for review based upon his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Belle*, 74 AD3d 1477, 1480 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]). In any event, defendant's claims that counsel pressured him into pleading guilty, failed to meet

with him sufficiently prior to entering the plea, failed to investigate potential defenses or inform him about the length of postrelease supervision that he was facing all involve matters outside the record and are therefore more properly the subject of a CPL article 440 motion (*see People v Scitz*, 67 AD3d 1251, 1252 [2009]; *People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]). Finally, defendant's waiver of the right to appeal precludes his claim that his sentence is harsh and excessive (*see People v Stoff*, 74 AD3d 1640, 1641 [2010], *lv denied* 15 NY3d 810 [2010]; *People v Fusco*, 74 AD3d 1583, 1584 [2010], *lv denied* 15 NY3d 851 [2010]).

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.